**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000917
23-JAN-2020
08:22 AM**

NO. CAAP-18-0000917

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JS, Petitioner-Appellee, v.
JN, Respondent-Appellant,
and
CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAIʻI, Respondent

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 16-1-6094)


ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By:  Fujise, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Respondent-Appellant JN (**Mother**) from the November 1, 2018 Order Regarding Temporary Visitation (**Temporary Visitation Order**) entered in the Family Court of the First Circuit (**Family Court**),[1] because the Family Court has not yet entered a final judgment, order or decree as required by Hawaii Revised Statutes (**HRS**) § 571-54 (2018).

On February 12, 2016, Petitioner-Appellee JS (**Father**) filed a Petition for Paternity or for Custody, Visitation and Support Orders After Voluntary Establishment of Paternity in FC-P No. 16-1-6094 against Mother regarding their minor child (**Child**). On September 22, 2016, the Stipulated Order Regarding Custody, Visitation, and Support Orders After Voluntary Establishment of Paternity was entered, which, among other things, established that Father is the father of Child.

---

[1]  The Honorable Linda S. Martell presided.

Following a trial on custody and other issues, on February 23, 2018, the Family Court entered its Decision and Order After Trial (**Trial Order**), which, among other things: (1) awarded Father sole legal and physical custody of Child; and (2) provided for Mother's visitation with Child pursuant to a schedule to be worked out by the parties. The Trial Order further provided that if the parties could not agree on a visitation schedule, they were each to submit a proposed visitation schedule to the Family Court.

On February 16, 2018, Father filed petitions for orders for protection on behalf of family or household members (**Protection Petitions**) against Mother and her now husband (**Husband**) in FC-DA 18-1-0378 and 18-1-0379, resulting in the issuance of temporary restraining orders (**TROs**) against Mother and Husband. On July 20, 2018, the Family Court entered an Order re Visitation and Child Support, in which the court deferred to any visitation ordered in the TRO cases. At a hearing on August 7, 2018, Father voluntarily withdrew the Protection Petitions.

By letter dated August 22, 2018, Mother requested a conference under Rule 16 of the Hawaiʻi Family Court Rules (**Rule 16 conference**) for the purpose of resuming her visitation with Child pursuant to the Trial Order. The Rule 16 conference was held on September 20, 2018, during which the Family Court, as it later noted in the Temporary Visitation Order, <u>advised the parties to file appropriate motions regarding visitation</u>. The parties also agreed to submit proposed temporary visitation orders by September 24, 2018. Based on the parties' submissions, on November 1, 2018, the Family Court entered the Temporary Visitation Order, which provided for Mother's visitation with Child on a graduated basis.

Meanwhile, on September 26, 2018, Father filed a Motion for Relief After Judgment or Order and Declaration, requesting a modification of the terms of Mother's visitation with Child. In addition, on November 2, 2018, Mother filed a Motion for Relief After Judgment or Order and Declaration, requesting a modification of the terms of Child's legal and physical custody.

2

It appears that neither motion had been resolved when Mother filed her notice of appeal from the Temporary Visitation Order on November 27, 2018, and when the supplemental record on appeal was filed on March 25, 2019.

In family court cases, "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court, and review shall be governed by chapter 602, except as hereinafter provided." HRS § 571-54 (2018). In circuit courts, HRS § 641-1(a) (2016) authorizes appeals from "all final judgments, orders, or decrees[.]" No published opinion requires a family court to reduce a final order or decision in a paternity action to a separate judgment. See, e.g., In Interest of Doe, 77 Hawai'i 109, 114 n.9, 883 P.2d 30, 35 n.9 (1994) ("We note that, due to the nature of a 'final' judgment in child custody cases, the requirements for appealability set forth in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), are inapplicable in such custody cases."). Consequently, under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, see HRS §§ 571-54 (1993) and 641-1(a) (1993), or (2) a certified interlocutory order. See HRS § 641-1(b) (1993)." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001); In re Doe, 102 Hawai'i 246, 249 n.4, 74 P.3d 998, 1001 n.4 (2003) (explaining that HRS § 641-1(b) applies to family court cases, and, thus, a "[m]inor could have applied to the family court for certification of the order denying his motion to suppress evidence"). "Final order means an order ending the proceedings, leaving nothing further to be accomplished." Familian Northwest, Inc. v. Central Pacific Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (quoting Gealon v. Keala, 60 Haw. 513, 520, 591 P.2d 621, 626 (1979)) (internal quotation marks omitted).

Here, the Temporary Visitation Order did not finally determine, and thus end, the proceedings, leaving nothing further for the Family Court to accomplish. It appears, for example,

that at the commencement of this appeal, there were motions pending regarding custody and visitation, and the Family Court had not yet expressly adjudicated the long-term child visitation issues. In fact, on December 27, 2018, the court ordered the parties to take further steps regarding visitation and contemplated continued discussion by the parties about agreeing to visitation terms and a private visitation supervisor. We note, moreover, that this case does not involve any attempt by a government entity to infringe on the parties' parental rights by way of foster custody or the termination of parental rights, but, instead, involves the resolution of parental rights between two private parties as to their child. In addition, none of the recognized exceptions to the finality requirement apply in this case. See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995); Abrams v. Cases, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent a final judgment, order or decree, Mother's appeal is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, January 23, 2020.

On the briefs:

Scot Stuart Brower,
for Respondent-Appellant.

Steven L. Hartley,
Elsa F.M. McGehee, and
Elena L. Bryant
(Hartley & McGehee, LLP),
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4